BEHRING INTERNATIONAL, INC.

v.

IMPERIAL IRANIAN AIR FORCE and Iran Aircraft Industries, Agencies or Instrumentalities of Iran, and the Imperial and Islamic Governments of Iran, Foreign States and/or their Successors.

Nos. 82–5467, 82–5483.

United States Court of Appeals, Third Circuit.

May 9, 1983.

Before SLOVITER and ROSENN, Circuit Judges.*

## OPINION SUR DENIAL OF
## PANEL REHEARING

ROSENN, Circuit Judge.

The essence of the Iranian defendants' petition for rehearing is that their appeal to No. 82–5467 is from that portion of the district court's order (certified for appeal as a final judgment pursuant to Fed.R.Civ.P. 54(b)) authorizing payment of storage charges accrued subsequent to January 19, 1982, and not from that portion of the district court's order (certified for interlocutory appeal pursuant to 28 U.S.C. § 1292(b)) deferring Behring's claim for storage charges accrued prior to January 19, 1981. Petitioners assert that Behring's Fed.R. Civ.P. 59 motion for reargument in the district court, pending at the time of petition-

ers' appeal, addressed only aspects of the case covered by the section 1292(b) certification; petitioners' own appeal did not involve these aspects of the case. Therefore, petitioners conclude that they had a right to treat their appeal from the judgment of the district court allowing Behring to collect storage charges accrued after January 19, 1981, as distinct from the issues raised in the Rule 59 motion pending in the district court. If this is so, then the Supreme Court's ruling in *Griggs v. Provident Consumer Discount Co.,* —— U.S. ——, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982), does not compel dismissal of their appeal as premature.

Petitioners assert that the trial judge's decision to certify one portion of his opinion under Fed.R.Civ.P. 54(b) and another portion of his opinion under 28 U.S.C. § 1292(b) underlines the distinction they advocate. The Iranian defendants also press a "metaphysical" argument concerning the nature of Fed.R.Civ.P. 54(b). When a trial judge acting under Rule 54(b) certifies as final his judgment as to one party or one claim, petitioners assert, the judgment certified as final splits from the case and so is not affected by subsequent procedural developments such as the filing of a motion for reargument under Fed.R.Civ.P. 59.

Although a portion of a district court's opinion may be certified for interlocutory appeal under section 1292(b), and the remainder certified as final under Rule 54(b), the two portions may nonetheless be intertwined, as they are in this case. Both the Rule 59 motion for reargument directed to the decision certified under section 1292(b), and the Iranians' appeal under the Rule 54(b) certification address the same question—whether Behring's claims can be collected out of the Trust Account created by the Settlement Agreement. The Iranian defendants asserted in their original brief to this court that "[t]he Algerian Declarations obligate the United States to transfer to Iran all property interests of the Govern-

---

* Judge Aldisert, who sat on the original panel, did not participate in the panel's disposition of the petition for rehearing because of illness.

ment of Iran that were subject to the jurisdiction of the United States as of January 19, 1981." This obligation to transfer financial assets of the Government of Iran was, they contend, "unconditional as of January 19, 1981." In the alternative, the Iranians orally argued that all money which Behring has withdrawn from the Trust Account should be returned and the entire corpus held in the account until all issues are resolved by the [Hague] Tribunal. These contentions, therefore, put at stake all the monies in the Trust Account at the time that the district court first permitted withdrawals.

On the other hand, Behring by its Rule 59 motion requested the district court to reconsider its decision and permit withdrawal of the balance of the Trust Account in payment of charges against the Iranian Navy that were not denied, as well as other substantial claims with respect to which Behring claimed the Iranian defendants had waived their right to arbitration under the terms of the Settlement Agreement.

Thus, the Iranians' appeal and Behring's motion for reargument were not unrelated as the Iranians assert. On the contrary, the subject matter of the Rule 59 motion and of the appeal were connected in such a way that the motion and the appeal could not both meet with success. Behring could not possibly withdraw the balance of the trust account to satisfy its storage charge claims accrued prior to January 19, 1981, if the court of appeals should sustain the Iranian defendants' appeal and direct all assets in the Trust Account as of January 19, 1981, be returned to Iran, or at least that they be

frozen pending resolution of all disputes at the Hague.

Obviously, Judge Fisher certified one part of his opinion pursuant to Fed.R.Civ.P. 54(b) and the other part pursuant to 28 U.S.C. § 1292(b), not because he believed the two parts to be unrelated but rather because he felt that he had no choice but to certify the portions which authorized immediate action as final and the portion which deferred all action pending arbitration at the Hague as interlocutory.

Under these circumstances, it would appear that the Iranian defendants' appeal should have been dismissed as premature under Fed.R.App.P. 4(a)(4).[1] Had this court heard the Iranian defendants' appeal while Behring's motion for reargument was pending before the district court, both courts might have simultaneously or very nearly simultaneously reached inconsistent conclusions. Such an occurrence would squander judicial energy and create confusion and uncertainty in the courts.

In summary, we hold that under Fed.R.App.P. 4(a)(4), a party may not appeal from a decision certified pursuant to Fed.R.Civ.P. 54(b) while the district court is considering a Fed.R.Civ.P. 59 motion filed by the opposing party if the appeal and the Rule 59 motion raise identical or closely related legal issues in the same factual context. To hold otherwise would allow an appeal under circumstances which would constitute simultaneous exercise of original and appellate jurisdiction over identical or related subject matter in violation of the explicit dictates of *Griggs*.[2] We therefore conclude that the Iranian defendants' appeal was premature and of no effect under

---

1. We note in passing that even had we found defendants' appeal to be timely filed, we would nevertheless have affirmed the judgment of the district court on the merits. We believe that the assets in the Trust Account were exempted from mandatory transfer to Iran by 31 C.F.R. 535.214(a) which provides that "funds and securities need not be transferred to Iran until any disputes . . . as to the entitlement of Iran and its entities to them are resolved." We are also convinced that the contents of the Trust Account were properly made available to satisfy Behring's claim for storage charges accruing after January 19, 1981. As Behring's demand

for payment was a claim made in accordance with the Settlement Agreement, satisfaction of the claim out of the Trust Account was authorized by Treasury License 274A.

2. We express no opinion as to whether Fed.R. App.P. 4(a)(4) and *Griggs* might permit a party to appeal a decision certified pursuant to Fed. R.Civ.P. 54(b) while the opposing party's Rule 59 motion was pending if the appeal and the motion did *not* raise common legal issues in a shared factual.

Fed.R.App.P. 4(a)(4) as interpreted by the Supreme Court in *Griggs.*

The petition for panel reargument by the Iranian defendants is denied.

Before SEITZ, Chief Judge, ADAMS, GIBBONS, HUNTER, WEIS, HIGGIN-BOTHAM, SLOVITER, BECKER, Circuit Judges, and ROSENN, Senior Circuit Judge.

SUR PETITION FOR REHEARING

SEITZ, Chief Judge.

The petition for rehearing filed by appellants in the above entitled case having been submitted to the judges who participated in the decision of this court and to all the other available circuit judges of the circuit in regular active service, and no judge who concurred in the decision having asked for rehearing, and a majority of the circuit judges of the circuit in regular active service not having voted for rehearing by the court in banc, the petition for rehearing is denied.